# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ZACHERIAH PORTCH, on behalf of himself and the Collective,<br><br>   Plaintiff,<br><br> vs.<br><br>HEALTHCARE SERVICES GROUP, INC., and HCSG WEST, LLC,<br><br><br>   Defendants, | Case No. 2:26-cv-03234<br><br>**COLLECTIVE COMPLAINT FOR VIOLATIONS OF:**<br><br> **(1) FAIR LABOR STANDARDS ACT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zacheriah ("Zach") Portch ("Plaintiff"), on behalf of himself and all other similarly situated individual Collective Members, alleges as follows:

## INTRODUCTION

1. Plaintiff on behalf of himself and other similarly situated individuals who have worked for Healthcare Services Group, Inc. ("Healthcare Services Group") and HCSG West, LLC ("HCSG West") (Collectively "Defendants") as non-exempt, hourly employees to challenge Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").

2. This is a collective complaint against Defendants to challenge their policies and practices of failing to accurately record all hours worked, and failing to properly pay Plaintiff and the Collective for all hours worked, including overtime compensation.

3. Plaintiff and Collective Members are current and former employees who worked for Healthcare Services Group and/or HCSG West as non-exempt hourly employees throughout the United States.

4. Plaintiff seeks full compensation on behalf of himself and the Collective Members

for all unpaid wages, including unpaid overtime. Plaintiff also seeks declaratory relief. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, seeks damages in an amount that exceeds $75,000.00, as well as other relief requested herein.

## PARTIES

5.    Plaintiff Zach Portch is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of Colorado.

6.    Plaintiff was employed by the Defendants as a Food Service Worker / Chef from approximately June 2025 to October 15, 2025. Plaintiff worked for the Defendants in Palisade, Colorado at the Canyon View Care Center.

7.    Healthcare Services Group, Inc. is a company headquartered in Bensalem, Pennsylvania. Healthcare Services Group is registered to do business in Pennsylvania, does business in Pennsylvania and employs and/or employed hourly, non-exempt employees, including Plaintiff and Class Members. Healthcare Services Group may be served with process by serving its registered agent in Pennsylvania, Corporation Service Company, 5235 N Front Street, Harrisburg, PA 17110.

8.    HCSG West, LLC is a company headquartered in Ewing, New Jersey. HCSG West is a subsidiary under its parent company, Healthcare Services Group. Upon information and belief, HCSG West does business in Pennsylvania and employs/or employed hourly, non-exempt employees, including Plaintiff and Class Members. HCSG West may be served with process by serving its registered agent in its state of incorporation in New Jersey, Corporation Service Company, Princeton South Corporation Center, Suite 160, 100 Charles Ewing Blvd., Ewing, NJ 08628.

9.    Defendants employ and/or employed Plaintiff and Collective Members because

2

Defendants, directly or indirectly, control the employment terms, including pay practices of Plaintiff and Collective Members.

10. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to Defendants, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

11. Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all of their job sites across the United States.

12. Plaintiff is informed, believes, and thereon alleges that Defendants in some manners intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and transactions alleged herein.

13. At all material times, Defendants are an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

14. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

15. Plaintiff and Collective Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

16. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendants have and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Defendants act as employers of Plaintiff and Collective Members because

Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

18.     Here, Defendants have, and continue to have, an annual gross business volume of not less than $500,000.00, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

19.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they provide goods and services across the country and conduct business deals with businesses across state lines.

20.     At all material times, Plaintiff and Collective Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## JURISDICTION AND VENUE

21.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

22.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendants have been actively conducting business in the State of Pennsylvania and within the geographic area encompassing the Eastern District of Pennsylvania judicial district and Healthcare Services Group is headquarter in this District

## FACTUAL ALLEGATIONS

23.     Healthcare Services Group, Inc. is a company headquartered in Bensalem, Pennsylvania which supports a range of healthcare communities through dining, housekeeping, and laundry services. According to their website, they provide support services to long-term care

4

communities across 48 states, including Colorado where Plaintiff was employed at one of Defendants' client facilities at all times relevant to this Complaint. Healthcare Services Group provides job opportunities for each of their client facilities on the careers page of their website, including the Canyon View Care Center facility where HCSG West oversees the day-to-day operations.

24.    HCSG West, LLC is a company with their principal place of business listed in Ewing, New Jersey. HCSG West, LLC is a subsidiary of Healthcare Services Group. HCSG West provides housekeeping, laundry, and dietary services at client facilities as a subcontracted service provider on behalf of Healthcare Services Group. HCSG West, LLC is the listed employer on Plaintiff's W2 while employed at one of Defendants' client facilities, Canyon View Care Center, in Palisade, CO. This client facility's location of employment is listed on the careers page of Defendant Healthcare Services Group, Inc.'s website. According to the Securities and Exchange Commission's online database, HCSG West, LLC is one of ten subsidiaries registered under Healthcare Services Group, Inc.

25.    Upon information and belief, Healthcare Services Group is responsible for the work rules and directions governing the manner, means, and methods of performance of duties and the grounds for discipline for Plaintiff and Class Members. HCSG West supervises the performance of these duties performed by Plaintiff and Class Members during their day-to-day operations. HCSG West is responsible for the scheduling of Plaintiff's and Class Members' work hours at their client facilities, including the Canyon View Care Center facility. At all times relevant, Defendants have authority to control essential terms and conditions of employment for Plaintiff and Class Members.

26.    Plaintiff is informed, believes, and thereon alleges that at all times mentioned in

this Complaint, Defendants were the agents and employees of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

27.     Plaintiff is informed, believes, and thereon alleges that Defendant Healthcare Services Group, Inc. serves in a capacity of direct control over the operations of its agent, Defendant HCSG West, LLC. Plaintiff is informed, believes, and thereon alleges that Healthcare Services Group, Inc. and HCSG West, LLC jointly exercised control over Plaintiff and the Class.

28.     Plaintiff Zach Portch worked for Defendants as a Food Service Worker / Chef in Palisade, Colorado at the Canyon View Care Center. Plaintiff worked from approximately June 2025 to October 15, 2025. Defendants pay Plaintiff and Collective Members on an hourly rate basis.  Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $21.00 per hour.

29.     Although the Plaintiff's shifts varied in length, his typical schedule consisted of three morning shifts at eight (8) hours each, three evening shifts at four (4) hours each, and one standard eight (8) hour day. Plaintiff usually worked approximately eight (8) hours or more per shift for approximately five (5) days per week.

30.     Defendants routinely require Plaintiff and Collective Members to perform work off-the-clock and without compensation. During Plaintiff and Collective Members' off-duty meal periods, employees were effectively on-call and would have to respond to care center residents' needs and/or attend to management's requests. This results in Plaintiff and Collective Members working for the benefit of Defendants while off-the-clock during their meal breaks. Furthermore, Defendants require. suffer, and/or permit Plaintiff and Collective members to attend to phone calls and text messages with management on their days off or after the conclusion of their

6

scheduled shifts. This time spent communicating with management is unpaid.

31. Ultimately, Defendants do not compensate Plaintiff and Collective Members for this time worked by employees for Defendants' benefit.

32. Defendants set the firing and hiring criteria at locations under their control.

33. Defendants advertise for open positions, including non-exempt hourly positions throughout the United States.

34. Collective Members were and are employed by Defendants and perform work materially similar to Plaintiff.

35. Plaintiff and Collective Members report to locations owned, operated, or managed by Defendants to perform their jobs.

36. Plaintiff and Collective Members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

37. Plaintiff and Collective Members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

38. At the end of each pay period, Plaintiff and Collective Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

39. Each Collective Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

40. When Plaintiff and Collective Members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for all overtime hours worked due to Defendants' failure to include time worked off-the-clock in the

total hours worked in a given workweek. This unpaid time is compensable at an overtime rate under the FLSA, because Plaintiff and Collective Members were not compensated for all time worked due to work completed for the benefit of Defendants while off-the-clock.

41.    When Plaintiff and Collective Members performed work, Defendants failed to pay them overtime wages due to Defendants' failure to include time worked during meal periods and work done outside of their normal shift times, as described herein. This unpaid time is compensable under the FLSA because (1) Plaintiff and Collective Members were not completely relieved of their duties, and the break was primarily for the employer's benefit and (2) they skipped or cut short meal periods due to work demands.

42.    Throughout the relevant time period, Defendants expected and required Plaintiff and Collective Members to be available to work during their entire shifts, even during any attempted meal breaks. This time spent working while off-the-clock constitutes compensable time under the FLSA which requires that employers compensate employees for all time worked.

43.    Defendants have employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

44.    Defendants' method of paying Plaintiff and Collective members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying wages complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

45.    Plaintiff Zach Portch brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

**All current and former non-exempt employees who worked at least one full time work week for Healthcare Services Group, Inc. and/or HCSG West, LLC throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective.")**

46.    Plaintiff Zach Portch, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

47.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

48.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

49.    Plaintiff Zach Portch is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interest in bringing this action.

50.    Plaintiff Zach Portch will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

51.    The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated

9

employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

52. Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201,** *et seq***.**
**(Plaintiff and on Behalf of the Collective)**

53. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

54. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

55. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

56. Defendants are covered employers required to comply with the FLSA's mandates.

57. Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with

respect to such hours, failing to pay the legally mandated overtime premium for such work. See 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants also violated the FLSA by failing to keep required accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

58.    Plaintiff and the Collective are victims of a uniform and company-wide compensation policy and practice. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

59.    Plaintiff and the Collective are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

60.    Defendants act neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

61.    As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

62.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA;

b.    An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

c.    An order finding that Defendants violated the FLSA;

d.    An order finding Defendants violated the FLSA willfully;

e.    All unpaid wages due under the FLSA;

a)    An equal amount as liquidated damages as allowed under the FLSA or, alternatively, prejudgment interest;

b)    Post-judgment interest;

f.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

g.    All attorneys' fees, costs, and disbursements as provided by FLSA;

h.    For all costs of suit;

i.    For interest as provided by applicable law; and

j.    For such other and further relief as this Court deems just and proper.

Dated: May 12, 2026                    Respectfully Submitted,

                                       */s/ Jamisen A. Etzel*
                                       Jamisen A. Etzel, (Bar No. 311554)
                                       **LYNCH CARPENTER LLP**
                                       1133 Penn Avenue, 5th Floor,
                                       Pittsburgh, PA 15222

Phone: 412-322-9243
Fax: 412-231-0246
jamisen@lcllp.com
          &

Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III*
**SCHNEIDER WALLACE
COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the Collective*

*\*Admission pro hac vice anticipated*

13

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: May 12, 2026                                  Respectfully Submitted,


*/s/ Jamisen A. Etzel*
Jamisen A. Etzel, (Bar No. 311554)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor,
Pittsburgh, PA 15222
Phone: 412-322-9243
Fax: 412-231-0246
jamisen@lcllp.com

&

Carolyn H. Cottrell*
Ori Edelstein*
Robert E. Morelli, III*
**SCHNEIDER WALLACE
COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the Collective*

*\*Admission pro hac vice anticipated*